UNITED STATES of America,
Plaintiff-Appellee,

v.

**Rudy PRYATELY, Defendant-Appellant.**

UNITED STATES of America,
Plaintiff-Appellee,

v.

**Michael TAVONE, Defendant-Appellant.**

UNITED STATES of America,
Plaintiff-Appellee,

v.

**Joseph RIZZO, Defendant-Appellant.**

Nos. 17901–17903.

United States Court of Appeals
Sixth Circuit.

April 13, 1968.

Rudy Pryately, in pro per.

Michael Tavone, in pro per.

Joseph Rizzo, in pro per.

Karl Schmeidler, Department of Justice, Washington, D. C., Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Crombie J. D. Garrett, Attys., Department of Justice, Washington, D. C., on brief; Merle M. McCurdy, U. S. Atty., Dominic J. Cimino, Asst. U. S. Atty., Cleveland, Ohio, of counsel, for appellee.

Before O'SULLIVAN, PHILLIPS and EDWARDS, Circuit Judges.

PHILLIPS, Circuit Judge.

This action was filed in the District Court by the United States to foreclose federal tax liens for withholding and unemployment taxes against appellants, Joseph Rizzo, Rudy Pryately and Michael Tavone, doing business as General Equipment Company, a partnership. The District Court appointed a receiver to preserve the seized assets of the partnership.

### 1) Partial summary judgment proceedings

On March 8, 1967, the District Court granted the Government's motion for partial summary judgment in the amount of $9,218.17. Rizzo filed a notice of appeal from this judgment. Pryately and Tavone also appealed on the ground that the judgment was entered without notice to their attorney of record.[1]

Thereafter, prior to the docketing of the case in this Court, the District Court stayed its judgment to permit Pryately and Tavone to file answers to the Government's motion. On April 27, 1967, the District Court entered an order which: (1) overruled the taxpayers' motion for an order holding the receiver liable for damages; (2) over-

---

1. This attorney thereafter withdrew from the case. The appellants have appeared pro se in this Court and prepared their own briefs. Rizzo made an oral argument on behalf of himself and the other two appellants.

ruled a motion for reconsideration of the granting of summary judgment; (3) overruled the motion of Pryately and Tavone for summary judgment; (4) overruled Rizzo's motion to strike the Court's order of March 29, 1967; and (5) overruled the motions of the taxpayers to strike the inventory filed by the receiver. Pryately and Tavone filed notices of appeal from the Court's order of April 27, 1967.

The General Equipment Company, located in Conneaut, Ohio, was a partnership formed in 1957. It appears that a principal source of its income was derived from a contract with the United States Army Corps of Engineers for the sale of gas-powered portable battery chargers. The supplemental brief of the Government states that in March 1960 the Corps of Engineers terminated the contract for cause; that the Armed Forces Board of Contract Appeals subsequently denied Rizzo's request for reinstatement of the contract; and that in 1964 the Board denied a motion for reconsideration.

Appellants contend that great wrongs have been done to them by the action of the government in asserting and foreclosing the tax liens. There are various other aspects of this and related litigation which need not be discussed in this opinion.[2]

The judgment entered by the District Court is for unpaid withholding of income and F.I.C.A. taxes for the last two quarters of 1959 and the first two quarters of 1960 and federal unemployment taxes for 1959, plus penalties and interest. In granting the Government's motion for partial summary judgment, the District Judge based his action upon sworn tax returns filed by Rizzo or Tavone on behalf of General Equipment Company and upon a sworn affidavit in which the accrued interest was stated by the District Director of Internal Revenue.

We find no error in the decision of the District Court granting partial summary judgment in the sum of $9,218.17.

### 2) Bankruptcy proceedings

■■ Taxpayers appear to have contended in the District Court that since the Government had filed proofs of claims for the same taxes in the bankruptcy proceedings, the debt for unpaid taxes had been discharged. This contention is without merit, since claims for federal taxes generally are not affected by a discharge from bankruptcy. 11 U.S.C. § 35.[3]

### 3) Other issues

Appellants present numerous other questions on appeal, all of which have been considered and found to be without merit. We find no error in the action of the District Court in overruling the motions to hold the receiver liable for damages or to strike the receiver's inventory. Nor was it reversible error for the District Court to stay its judgment after Pryately and Tavone complained that no notice had been served upon their attorney of record. The record indicates that all three taxpayers had actual notice of the motion of the Government, since they responded in person and have filed numerous documents personally and not through their counsel of rec-

---

2. For example: (1) involuntary bankruptcy proceedings initiated in 1961; (2) a counterclaim against the United States for $688,000 filed by Joseph and Rose Rizzo; (3) a motion for summary judgment filed by Pryately and Tavone against the Government for $300,000 for alleged personal injuries, plus punitive damages, costs and fees; (4) denial of a motion filed by Rizzo in the District Court protesting the appointment of the receiver, in which an appeal was dismissed by this Court on October 21, 1966,

rehearing denied December 1, 1966, and certiorari denied by the Supreme Court on April 17, 1967, 386 U.S. 1004, 87 S. Ct. 1347, 18 L.Ed.2d 433, and (5) a pending action filed by Rizzo in the United States Court of Claims.

3. The taxes in the present case do not fall within the provisions of the 1966 amendments to the bankruptcy act. Public Law 89–496, 80 Stat. 270, enacted July 5, 1966, 11 U.S.C. § 35.

ord. The District Court was authorized to stay its judgment after filing of notices of appeal and prior to docketing in this Court. Rule 60, Fed.R.Civ.P.

Appellants also have filed a motion to set aside and dismiss the judgment. This motion is overruled.

Affirmed.